MEMORANDUM *
Paul Ward, as next friend of Crystal M., a minor at the time of her conviction, appeals the district court’s denial of the habeas corpus petition, alleging that Crystal’s confession was obtained in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We have jurisdiction under 28 U.S.C. § 2253 and we reverse.
Crystal was convicted in juvenile court of two counts of murder, one count of residential burglary, two counts of robbery, two counts of unlawfully driving or taking a vehicle, and two counts of receiving stolen property. Crystal was a 12-year-old runaway at the time of the crimes. The state stipulated that no physical evidence linked her to the murders or indicated her presence in the house where the robbery and murders took place. Rather, only Crystal’s own inculpatory statements, made during a five-hour long interrogation in which she maintained her innocence of the murders, put her at the scene of the murders.
During her interrogation, Crystal admitted to entering the victims’ home with 19-year-old Jesse Crespin (“Crespin”), taking toiletries and several items of jewelry, and guarding the female victim. Crystal stated that she left the house because she was scared. At the time she left, both of the victims were alive. The female victim was sitting on the toilet in the bathroom with her hands tied and the male victim was sitting in the kitchen. Crystal stated that she did not see Crespin kill either of the victims, but admitted she thought that he may have killed them.
Crystal moved to have her inculpatory custodial interrogation statements suppressed in the proceedings in juvenile court. After an evidentiary hearing, the court denied the motion in an oral ruling. On appeal, the California Court of Appeal affirmed the juvenile court, ruling that Crystal knowingly and voluntarily waived her Fifth Amendment rights.[1] The state appellate court held that “[ajlthough Crystal was undeniably, and tragically, a young girl, nothing in the record demonstrates she was confused or uncertain about her rights.” The California Supreme Court denied the appeal without comment.
We review a district court’s decision to grant or deny a writ of habeas corpus de novo and the district court’s findings of fact for clear error. Richter v. Hickman, 578 F.3d 944, 951 (9th Cir.2009) (en banc). We also assess the prejudicial impact of any constitutional error by asking whether the error “had substantial and injurious effect or influence in determining the jury’s verdict.” Brecht v. Abrahamson, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); see also Fry v. Pliler, 551 U.S. 112, 121-22, 127 S.Ct. 2321, 168 L.Ed.2d 16 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness).
*689 To succeed on a petition for habeas corpus after the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner must show that the last reasoned state court decision was (1) “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States”; or (2) “based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d). “A state court decision is an ‘unreasonable application of clearly established federal law ‘if the state court identified] the correct governing legal rule ... but unreasonably applie[d] it to the facts’ at hand.” Richter, 578 F.3d at 951 (quoting Williams v. Taylor, 529 U.S. 362, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).
We hold that the state appellate court’s decision that Crystal knowingly waived her Miranda rights is an unreasonable application of clearly established federal law. Although the state appellate court correctly identified the “totality of the circumstances” test as the proper standard for evaluating whether Crystal’s waiver was knowing and voluntary, the court did not reasonably apply that test because it failed to weigh the relevant factors. See Doody v. Schriro, 596 F.3d 620, 645 (9th Cir.2010) (en banc) (“[T]he Arizona Court of Appeals’ voluntariness ruling unreasonably applied clearly established federal law because it analyzed the individual circumstances of the interrogation without weighing the totality of the circumstances.”); see also Moran v. Burbine, 475 U.S. 412, 421-22, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986); Taylor v. Maddox, 366 F.3d 992, 1014-16 (9th Cir.2004).
The government was required to demonstrate that Crystal waived her Miranda rights “with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.” See Moran, 475 U.S. at 421, 106 S.Ct. 1135; Miranda, 384 U.S. at 475, 86 S.Ct. 1602 (“[A] heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.”). The Supreme Court long has recognized that, in the interrogation of a minor, “the greatest care must be taken to assure that the admission was voluntary.” In re Gault, 387 U.S. 1, 45, 55, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (“This court has emphasized that admissions and confessions of juveniles require special caution.”); see also Doody, 596 F.3d at 638-39. Thus, the totality of the circumstances test requires consideration of “the juvenile’s age, experience, education, background, and intelligence, and [inquiry] into whether he has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights.” Fare v. Michael C., 442 U.S. 707, 725, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979).
Here, the court considered Crystal’s age and the circumstances of the interrogation, but did not consider her experience, education, background, or intelligence. At the time of the interrogation, Crystal was 12 years old and had completed sixth grade. She had no similar experiences with law enforcement prior to this interrogation and she did not have a parent or other friendly adult present. The detective who had interrogated Crystal testified that Crystal “was not very .articulate,” and the interrogation transcript reveals that Crystal “forgot” what the word “intimidated” meant.
Most significantly, the state appellate court erroneously concluded that “nothing in the record demonstrates [Crystal] was confused or uncertain about her rights.” The record contradicts this conclusion. The detective who interrogated Crystal *690 testified that Crystal was confused about her right to an appointed attorney. Nothing in the record shows how the detective clarified that right. The state appellate court’s “unreasonable determination of [this] pivotal fact[]” provides persuasive support for our holding that its decision was unreasonable. See Doody, 596 F.3d at 642 (holding that the state appellate court’s ruling that the juvenile’s confession was voluntary was unreasonable because pivotal factual determinations were not supported by the record); see also Wiggins v. Smith, 539 U.S. 510, 528, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (noting that “partial reliance on.an erroneous factual finding further highlights the unreasonableness of the state court’s decision”).
Finally, although Crystal agreed to talk to the detective after hearing the standard recitation of Miranda rights, this fact alone does not show that she knowingly waived those rights. See Murray v. Earle, 405 F.3d 278, 289 (5th Cir.2005) (holding that an 11-year-old girl “cannot be held to have knowingly and voluntarily waived her rights to be represented by counsel and to remain silent” because “[o]ther than having [her] sign a Miranda card, and briefly explaining her rights to her at the outset of the interrogation, the police took no precautions to ensure the voluntariness of her statement, let alone ‘special care’ ”). The state, therefore, did not meet its “heavy burden” of establishing that Crystal gave a knowing and voluntary waiver. See Miranda, 384 U.S. at 475, 86 S.Ct. 1602.
Because the appellate court failed to consider the totality of the circumstances and made an erroneous factual determination regarding a pivotal fact, we conclude that Crystal did not knowingly waive her Miranda rights. The state appellate court unreasonably applied clearly established federal law by holding otherwise. This error was not harmless because the parties stipulated in the juvenile court proceedings that no physical evidence linked Crystal to the crime scene. Only Crystal’s own admissions connected Crystal to the murders. Accordingly, we reverse the district court’s denial of the writ of habeas corpus and remand to the district court with instructions to issue a writ of habeas corpus, subject to possible retrial after consideration of Crystal’s age and release date.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The California Court of Appeal also held that Crystal did not invoke her right to remain silent and that her confession was not coerced. Because we hold that Crystal did not give a knowing and voluntary waiver, we need not reach the California Court of Appeal’s alternate holdings.